IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CONSERV FLAG COMPANY, LLC,<br><br>                  Plaintiff,<br><br>      v.<br><br>TWIN CITY FIRE INSURANCE COMPANY, HARTFORD FINANCIAL SERVICES GROUP, INC., and ALLCAT CLAIMS SERVICE, LLC,<br><br>                  Defendants. | 7:24CV5004<br><br>**MEMORANDUM AND ORDER** |

      In this diversity case, *see* 28 U.S.C. § 1332(a)(1), plaintiff Conserv Flag Company, LLC ("Conserv Flag"), seeks to recover for storm damage to two buildings in Sydney, Nebraska, under an insurance policy issued by defendants Twin City Fire Insurance Company and Hartford Financial Services Group, Inc. (collectively, the "insurers") (Filing No. 1-1). According to Conserv Flag, the insurers breached their "contractual obligation to pay the full amount of the losses, including the cost to repair, restore, or replace the damages, less the applicable deductible." Conserv Flag alleges defendant Allcat Claims Service, LLC ("Allcat"), inspected and reinspected the buildings after the storm but says little more than that about any involvement it has in this case.

      Before the Court is Allcat's Motion to Dismiss (Filing No. 19) for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Allcat contends it should be dismissed from this case with prejudice because Conserv Flag "does not allege any cause of action against" it. Conserv Flag has not filed any response to Allcat's motion, and the time do so has expired. *See* NECivR 7.1(b)(1)(B)-(C) (giving fourteen days to respond to a motion and explaining that failing "to file an opposing brief is not considered a confession of a motion but precludes the opposing party form contesting the moving party's statement of facts").

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff need not provide "'detailed factual allegations'" but must give "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Conserv Flag's complaint falls far short of meeting this standard with respect to Allcat. As Allcat points out, Conserv Flag makes just three brief references to Allcat in its relatively short complaint. All told, it alleges Allcat is a Texas limited liability company that does business in Sydney and inspected and reinspected the buildings after the storm. Conserv Flag neither alleges any contract or other legal relationship with Allcat nor specifically asserts any claim against it. The Court also notes that Conserv Flag did not object to the insurers statement in their Notice of Removal (Filing No. 1) that Allcat should be disregarded for purposes of removal because Allcat "was improperly and fraudulently joined as a Defendant, and the Petition states no claim against Allcat."

Having heard no reason to ignore Conserv Flag's failure to assert a facially plausible claim for relief against Allcat,

IT IS ORDERED:

1. Defendant Allcat Claims Service, LLC's Motion to Dismiss (Filing No. 19) is granted.
2. Allcat is dismissed from this case with prejudice.

Dated this 8th day of May 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge