IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **CONSERV FLAG COMPANY, LLC,** a Nebraska Limited Liability Company,<br><br>**Plaintiff,**<br><br>vs.<br><br>**TWIN CITY FIRE INSURANCE COMPANY,** an Indiana Domestic Insurance Corporation; and **HARTFORD FINANCIAL SERVICES GROUP, INC.,** a Delaware Corporation;<br><br>**Defendants.** | **7:24CV5004**<br><br>**FINDINGS AND RECOMMENDATION** |

This matter is before the Court on the Motion to Remand (Filing No. 26) filed by the plaintiff, Conserv Flag Company, LLC ("Conserv Flag"). Conserv Flag moves to remand this case to state court because the defendants failed to establish the amount in controversy exceeds $75,000. For the following reasons, the undersigned magistrate judge will recommend that the motion be denied.

## BACKGROUND

On February 5, 2024, Conserv Flag filed a complaint in the District Court of Cheyenne County, Nebraska, seeking to recover under an insurance policy issued by defendants, Twin City Fire Insurance Company ("Twin City") and Hartford Financial Services Group, Inc. ("Hartford"). Conserv Flag alleges two of its buildings covered by the policy in Sydney, Nebraska, were damaged by a hail, wind, and rainstorm on June 7, 2022. Conserv Flag alleges the insured buildings "sustained major exterior roof damage, including damage to the roof, membrane, gutters, spouts, and other venting, spout, and miscellaneous components," as well as "interior damage resulting from leaks caused by the storm, including, but not limited to, damages to at least one wall which has experienced bulging or settling attributable to water damages." Conserv Flag alleges the defendants breached their obligations under the insurance policy "by denying coverage for repair or replacement sufficient to eliminate leaks caused by the June 7, 2022 storm," and that as

a result, "Conserv Flag has suffered exterior roof damages in the amount of at least $40,289.60, as well as additional interior damages in an amount to be determine[ed] at trial." (Filing No. 1-1 at pp. 6-9).

Twin City was served with the Complaint on February 12, 2024, and on March 8, 2024, Twin City and Hartford removed the case to this court, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332. (Filing No. 1). In their Notice of Removal, the removing defendants assert complete diversity exists between the parties because Conserv Flag is a Nebraska limited liability company, and on information and belief, none of its members are citizens of the States of Indiana, Delaware, or Connecticut. Defendant Twin City is an Indiana corporation with its principal place of business in Hartford, Connecticut. Defendant Hartford is a Delaware corporation with its principal place of business in Hartford, Connecticut. The defendants asserted Defendant Allcat Claims Service, LLC, is a Texas limited liability company that was improperly and fraudulently joined as a Defendant, and the Court has since dismissed Allcat from this case with prejudice. (Filing No. 23).

The defendants' Notice of Removal states the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," because Conserv Flag seeks $40,289.60 for damage to two commercial roofs, "plus additional damages" for "interior damages resulting from leaks caused by the storm, including, but not limited to, damages to at least one wall which has experienced bulging or settling attributable to water damages." (Filing No. 1).

Conserv Flag has now moved to remand the case, arguing the defendants failed to meet their burden to prove the amount in controversy exceeds the jurisdictional minimum of $75,000. Conserv Flag contends it only specifically demanded $40,289.60 in damages, and the Court cannot speculate or presume the unspecified damages sought meets the jurisdictional threshold. (Filing No. 27 at pp. 3-4). In response, the defendants argue that although Conserv Flag's complaint only specifies it seeks $40,289.60 for the damage to the roofs, the complaint also seeks compensation for "interior damages" to both buildings, including at least one wall. Defense counsel provided his declaration stating that, prior to the notice of removal, plaintiff's counsel communicated a demand for an additional approximately $40,000 for damages to a wall of one of the buildings. (Filing No. 29-1). Conserv Flag's counsel also sent defense counsel a project bid dated October 1, 2023, providing for the repair of the building's wall and foundation at a cost of $48,759.00. (Filing No. 28 at p. 2; Filing No. 29-1). The defendants contend the specific figure sought by

Conserv Flag for roof damage in the complaint, combined with the figure sought by plaintiff's counsel for the wall damage—which do not even include any other unspecified "additional damages" to the interior—demonstrate the amount in controversy is well above the jurisdictional threshold.  (Filing No. 28 at p. 2).

## ANALYSIS

Defendants sued in state court have a "right to remove the suit to federal district court if the civil action is one 'of which the district courts . . . have original jurisdiction.'" *Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (quoting 28 U.S.C. § 1441(a)).  "A defendant's removal of a case to federal court is appropriate 'only if the action originally could have been filed there.'" *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 444 (8th Cir. 2010) (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010)).  The defendants removed this case solely invoking the court's diversity jurisdiction.  "Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

Here, there is no dispute that complete diversity existed between the parties at the time of removal, as Conserv Flag is a citizen of Nebraska, and the defendants were citizens of Indiana, Delaware, Connecticut, and Texas.  See *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (providing that a limited liability company's citizenship is that of its members); *Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023) ("A corporation . . . is a citizen of every state where it is incorporated and the state where it has its principal place of business.").  Conserv Flag only argues the defendants have not met their burden to show the amount in controversy exceeds $75,000.

A federal court's jurisdiction is measured "at the time of removal." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (citations omitted).  The removing party "has the burden to prove the requisite [jurisdictional] amount by a preponderance of the evidence." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).  "Under the preponderance standard, "[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are. . . ." *Bell*, 557 F.3d at 956 (quoting *Kopp v.*

*Kopp*, 280 F.3d 883, 884-85 (8th Cir. 2002). To establish the requisite amount in controversy, a removing defendant must present "some specific facts or evidence demonstrating that the jurisdictional amount has been met," which may include "affidavits, declarations, or other documentation to satisfy the preponderance of the evidence standard." *Faltermeier v. FCA US LLC*, 4:15-cv-00491-DGK, 2016 WL 10879705, at \*2 (W.D. Mo. May 26, 2016), *aff'd*, 899 F.3d 617 (8th Cir. 2018).

"Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Hartis v. Chicago Title Ins.*, 694 F.3d 935, 946 (8th Cir. 2012) (citing *Bell*, 557 F.3d at 956). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand." *Moore v. Kan. City Pub. Sch.*, 828 F.3d 687, 691 (8th Cir. 2016) (quoting *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, at 911-912 (8th Cir. 2009)).

As the removing parties, the defendants have the burden to prove by a preponderance of the evidence that a fact finder might legally conclude the value of the relief Conserv Flag seeks exceeds $75,000. After review, the undersigned magistrate judge finds the defendants have met that burden. Conserv Flag's complaint seeks damages for both exterior and interior damages to two commercial buildings caused by a hailstorm. The complaint alleges the roof damages alone are at least $40,289.60. As to the interior damage, the complaint does not include a specific figure, alleging only that that the buildings "sustained interior damage from leaks caused by the storm, including, but not limited to, damages to at least one wall which has experienced bulging or settling attributable to water damages." Where a plaintiff does not "allege a specific amount in controversy" in the complaint, "the amount in controversy depends upon the value of the relief [the plaintiff] seeks." *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 396 (8th Cir. 2011) (citing *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018 (8th Cir. 2010)).

The defendants have offered two pieces of evidence suggesting Conserv Flag seeks at least $40,000 for the interior damage to the wall. First, defense counsel provided his declaration stating that, prior to filing the notice of removal, plaintiff's counsel communicated a demand for an additional approximately $40,000 for damages to the wall. (Filing No. 29-1). See, e.g., *Groeneweg v. Flint Hills Res., LP.*, No. CIV. 08-4815DWFFLN, 2008 WL 4951494, at \*2 (D. Minn. Nov. 18, 2008) ("In the Eighth Circuit, district courts rely on the plaintiff's perspective in

determining the amount in controversy" and a plaintiff's settlement demand is relevant to that determination) (citations omitted). Second, the defendants provided the project bid dated October 1, 2023, sent from Conserv Flag's counsel to defense counsel, estimating $48,759.00 as the cost of labor and material to replace the building's failing rear wall. (Filing No. 29-1 at p. 2). The undersigned magistrate judge also notes that the insurance policy provided insurance coverage well in excess of $75,000 for each building. (Filing No. 1-1 at pp. 17-19). Thus, at a minimum, the plaintiff seeks $40,289.60 in damages for exterior damage and $40,000 for interior damage to the wall, demonstrating the amount in controversy exceeds $75,000.

Conserv Flag replies that the project bid, or "Replacement Quote" it provided to defense counsel regarding the cost to replace the wall "leaves the Court with no more information than it had before as to what specific damages the subject wall may have suffered as a result of the June 7, 2022 storm" because the defendants "have offered no evidence pertaining to the condition of the wall before or after the storm," and because the quote "contains no opinion as to whether other measures might be taken to eliminate leaks while preserving the existing wall, or what those measures might cost." (Filing No. 30 at pp. 3-4). While Conserv Flag's arguments question whether the full $48,759 would actually be recoverable, Conserv Flag has not demonstrated, nor has it argued, that such damages are not recoverable as a "legal certainty." See *Hartis,* 694 F.3d at 946 ("Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount."). According to Conserv Flag's complaint, the defendants "have a contractual obligation to pay the full amount of the losses, including the cost to repair, restore, *or replace* the damages, less the applicable deductible." (Filing No. 1-1 at p. 8) (emphasis added). The insurance policy contemplates replacement as one avenue to compensate Conserv Flag for loss. The quote provided by plaintiff's counsel is for replacement of the wall. And again, the insurance policy limits exceed $75,000 for each building. As such, Conserv Flag has not demonstrated it is legally impossible for Conserv Flag to recover the quoted amount to replace the wall.

Because the defendants have met their burden by the preponderance of the evidence that the jurisdictional minimum is satisfied, and the plaintiff has not shown to a legal certainty that the claim is for less than $75,000, the undersigned magistrate judge will recommend that Conserv Flag's motion to remand be denied. Upon consideration,

**IT IS HEREBY RECOMMENDED** to the Honorable Robert F. Rossiter, Jr., Chief United States District Court Judge, that Plaintiff's Motion to Remand ([Filing No. 26](#)) be denied.

Dated this 14th day of June, 2024.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

## ADMONITION

A party may object to a magistrate judge's findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.