IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CONSERV FLAG COMPANY, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TWIN CITY FIRE INSURANCE COMPANY and HARTFORD FINANCIAL SERVICES GROUP, INC.,<br><br>　　　　　　Defendants. | 7:24CV5004<br><br>**MEMORANDUM<br>AND ORDER** |

　　This matter is before the Court on plaintiff Conserv Flag Company, LLC's ("Conserv Flag") Motion to Remand (Filing No. 26) this insurance dispute to the District Court of Cheyenne County, Nebraska ("state court"), where Conserv Flag originally filed suit. *See* 28 U.S.C. §1447(c). On March 8, 2024, defendants Twin City Fire Insurance Company and Hartford Financial Services Group, Inc. (together, the "defendants") removed the case to this Court pursuant to 28 U.S.C. § 1441 (Filing No. 1), asserting diversity jurisdiction under 28 U.S.C. § 1332(a)(1). That statute gives federal district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* "The amount-in-controversy requirement . . . is designed 'to ensure that a dispute is sufficiently important to warrant federal-court attention.'" *CMH Homes, Inc. v. Goodner*, 729 F.3d 832, 837 (8th Cir. 2013) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 562 (2005)).

　　In moving for remand, Conserv Flag does not deny the parties are completely diverse. Rather, it contends this Court lacks subject-matter "jurisdiction over this case because the amount in controversy does not exceed $75,000" as required by § 1332(a).

This Court referred the matter to a magistrate judge[1] for review. *See* 28 U.S.C. § 636(b)(1) (authorizing district judges to refer pretrial matters to magistrate judges). On June 14, 2024, the magistrate judge issued a Findings and Recommendation (Filing No. 33) recommending that Conserv Flag's motion be denied. After carefully reviewing the pertinent caselaw, the evidence of the amount arguably in controversy, and the parties' respective arguments, the magistrate judge determined the defendants "have met their burden by the preponderance of the evidence that the jurisdictional minimum is satisfied, and the plaintiff has not shown to a legal certainty that the claim is for less than $75,000." *See Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) ("Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount.").

Conserv Flag timely objected (Filing No. 37). *See* 28 U.S.C. § 636(b) (giving fourteen days, which the Court extended at Conserv Flag's request); Fed. R. Civ. P. 72 (same). Though the defendants reasonably question the degree to which that objection complies with Nebraska Civil Rule 72.1, the gist of its argument is clear—Conserv Flag maintains the defendants have not sufficiently established the requisite amount in controversy.

Conserv Flag's objection puts that jurisdictional question squarely before this Court. There is a split of authority as to whether a motion to remand is dispositive or not for purposes of review under § 636(b)(1). *See Vogel v. U.S. Off. Prods. Co.*, 258 F.3d 509, 515-17 (6th Cir. 2001) (discussing the split). While the Eighth Circuit does not appear to have yet weighed in, "every court of appeals to consider the question has held that [motions to remand] should be treated as dispositive matters in which only the district court may

---

[1] The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

enter an order." *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016) (listing cases).

This Court has previously followed that course and treated motions to remand as dispositive. *See*, *e.g.*, *Calderon v. Aldi, Inc.*, No. 8:23CV406, 2023 WL 8183704, at *1 n.2 (D. Neb. Nov. 27, 2023). As a result, the magistrate judge reviewing such a motion generally issues a findings and recommendation, and this Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1); *see also Cmty. Dev., Inc. v. Sarpy County*, No. 8:16-CV-135, 2016 WL 3747545, at *1 (D. Neb. July 11, 2016); *Ward v. State Farm Mut. Auto Ins. Co.*, No. 4:24CV3035, 2024 WL 1342722, at *1 n.1 (D. Neb. Mar. 29, 2024).

Applying that standard here, the Court finds no error in the magistrate judge's thorough analysis. In short, the Court agrees that it has original jurisdiction of this case under § 1332(a)(1) because the parties are completely diverse and the record indicates the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See also Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) ("The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.").

Based on the foregoing,

IT IS ORDERED:
1. Plaintiff Conserv Flag Company, LLC's objection (Filing No. 37) is overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 33) is accepted.
3. Conserv Flag's Motion to Remand (Filing No. 26) is denied.

Dated this 5th day of August 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge